IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HOLLY SALZMAN,

    Plaintiff,

v.                                                                                          Civ. No. 14-877 KBM/KK

NEW MEXICAN KENNELS, INC. *et al.*,

    Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO COMPEL INITIAL DISCLOSURES

THIS MATTER comes before the Court on Defendants' Motion to Compel Initial Disclosures (Doc. 30), filed January 30, 2015.  The Court, having reviewed the submissions of the parties and the relevant law, and being otherwise fully advised, FINDS that the motion is not well taken and will be DENIED.

In this employment discrimination lawsuit, Plaintiff Holly Salzman seeks damages from Defendants New Mexican Kennels, Inc., and Juxi, Andrew, Stephen and Erik Burr, alleging sex discrimination, sexual harassment, battery, assault, stalking, defamation, tampering with evidence, witness intimidation, breach of contract, and wrongful discharge in violation of Title VII of the Civil Rights Act of 1964 and state statutory and common law.  Defendants deny Plaintiff's claims and allegations.

The motion presently before the Court arises out of the January 13, 2015 initial disclosures Plaintiff made pursuant to Federal Rule of Civil Procedure 26(a) and Local Civil Rule 26.3.  (Doc. 31 at 1.)  According to Defendants, Plaintiff's initial disclosures were deficient because she did not include in them "the healthcare information required by Local Rule 26.3(d)." (*Id.*)  Defendants contend that Local Rule 26.3(d) required Plaintiff to disclose this information because she has asserted a claim for intentional infliction of emotional distress, and has sought

1

damages for "severe emotional distress," "humiliation," "mental anguish," "physical pain," "mental distress," and "emotional anguish," thereby placing her mental condition at issue. (*Id.* at 6-7.) Plaintiff, in contrast, asserts that Local Rule 26.3(d) did not require her to include the listed healthcare information in her initial disclosures, because the rule only requires a party to disclose this information if the party "may use [the information] to support its claims or defenses."[1] (Doc. 32 at 3, 5-6.)

Clearly, resolution of this dispute centers on Local Rule 26.3(d). That rule states:

**Required Initial Disclosure.** In all cases in which the physical or mental medical condition of a party is an issue, the party whose condition is an issue must make a good faith effort to produce the following information that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

(1) a list of the name, address and phone number of any healthcare provider[s] . . . which have treated the party within the last 5 years preceding the date of the occurrence set forth in the pleadings;

(2) all records of such healthcare providers which are already in that party's possession; [and,]

(3) for each healthcare provider, a signed authorization to release medical records form[.]

D.N.M.LR-Civ. 26.3(d).

According to its plain language, Local Rule 26.3(d) only requires disclosure of the listed healthcare information if the disclosing party "may use [the information] to support its claims or defenses." *Id.* Disclosure is not required merely because a party's "physical or mental medical condition . . . is an issue." *Id.* Amendments to Federal Rule of Civil Procedure 26 necessitated this limitation. In 1993, Rule 26 was amended to require parties to make certain initial

---

[1] Plaintiff also argues that Local Rule 26.3(d) did not require her to disclose the listed healthcare information because she has asserted only "garden variety" emotional distress claims and has not, therefore, made her "mental medical condition . . . an issue." (Doc. 32 at 6-8.) While the Court is not persuaded by this argument, it is unnecessary to reach the issue here because, as discussed below, it holds that Plaintiff need not disclose the listed information based on her assertion that she will not use it to support her claims or defenses.

disclosures without a discovery request. *See* Fed. R. Civ. P. 26, Advisory Committee Notes, 1993 Amendments. In its 1993 iteration, Rule 26 required parties to provide the name and contact information "of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings" and "a copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody or control of the party that are relevant to disputed facts alleged with particularity in the pleadings." Fed. R. Civ. P. 26(a)(1)(A), (B) (amended 1993). These disclosures were required "[e]xcept to the extent otherwise stipulated or directed by order or local rule." *Id.* Thus, although the rule required fairly broad initial disclosures, it also allowed each district court to modify the required disclosures—or even exempt cases from the disclosure requirement—by local rule. *See* Fed. R. Civ. P. 26, Advisory Committee Notes, 1993 Amendments. This Court opted to require the initial disclosures, with some exceptions. *See* D.N.M.LR-Civ. 26.3 (effective 1999) ("All provisions of Fed. R. Civ. P. 26 are applicable to actions in this District, unless specifically exempted by local rule.").

Rule 26 was amended again in 2000, and two of the amendments are particularly relevant here. First, the language allowing the district courts to modify disclosure requirements by local rule was deleted. *See* Fed. R. Civ. P. 26(a)(1)(A) & Advisory Committee Notes, 2000 Amendment. Thus, this amendment eliminated "the authority to alter or opt out of the national disclosure requirements by local rule, invalidating [rules] that purport to create exemptions from—or limit or expand—the disclosure provided under the national rule." Fed. R. Civ. P. 26, Advisory Committee Note, 2000 Amendments. This was done "to establish a nationally uniform practice." *Id.*

Second, the 2000 amendments narrowed the scope of the initial disclosures Rule 26 required "to cover only information that the disclosing party may use to support its position." *Id.* Specifically, the 2000 amendments limited the requirement to disclose individuals and documents to those that the party "may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i), (ii); *see Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 953-54 (10th Cir. 2004) (explaining that under the 2000 amendments a party need not disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use), *abrogated on other grounds by Unitherm Food Sys. v. Swift-Eckrich, Inc.*, 546 U.S. 394 (2006).  Necessarily, then, this Court subsequently amended its local rule to add the "may use to support its claims or defenses" language to its disclosure requirements. *See* D.N.M.LR-Civ. 26.3(d) (effective 2002).

In this case, Plaintiff has unequivocally asserted that she "will not use any healthcare providers to support her claims," and "will not use any records from such healthcare providers to support her claims." (Doc. 32 at 1.)  Local Rule 26.3(d) does not (and in fact cannot, due to the 2000 amendments to Rule 26) require the initial disclosure of healthcare providers or records if a party will not use this information to support its claims or defenses.  Accordingly, the rule did not require Plaintiff to disclose the information Defendants seek to compel.  Defendants' motion to compel based on Local Rule 26.3(d) must therefore be denied.

In her response to Defendants' motion to compel, Plaintiff requests an award of her expenses, including attorneys' fees, related to the motion. (Doc. 32 at 9.) Pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), if the Court denies a motion to compel, it must generally award expenses to the party opposing the motion. Fed. R. Civ. P. 37(a)(5)(B).  However, the Court must not do so if "the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.*  In the present matter, as discussed above, the Court will deny

Defendants' motion to compel. However, the Court finds that, based on the authority cited in Defendants' Memorandum Brief in Support of Defendants' Motion to Compel Initial Disclosures (Doc. 31), filed January 30, 2015, and Defendants' Reply Brief in Support of Defendants' Motion to Compel Initial Disclosures (Doc. 37), filed February 19, 2015, Defendants' motion was substantially justified and an award to Plaintiff would be unjust. Thus, the Court declines to award expenses to either party.

For all of the above reasons, Defendants' Motion to Compel Initial Disclosures (Doc. 30) is DENIED.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE