IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HOLLY SALZMAN,

    Plaintiff,

v.                                                   CIV 14-0877 KBM/KK

NEW MEXICAN KENNELS, INC.,
A New Mexico corporation,
JUXI BURR, ANDREW BURR,
STEPHEN BURR, and ERIK BURR,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court for hearings on March 3, 2015 and April 15, 2015, on Plaintiff Holly Salzman's Motion to Remand to State Court Pursuant to 28 U.S.C. § 1447 and to Stay Discovery Proceedings ("Motion to Remand") (*Doc. 28*) and Plaintiff's Opposed Motion to Modify Rule 16 Scheduling Order, and to Amend Complaint to Identify Federal Claims ("Motion to Amend") (*Doc. 42*), respectively. Having reviewed the motions, the memoranda and exhibits submitted by the parties and relevant authorities, and having heard argument of counsel, the Court finds, for the reasons stated herein and for those stated at both hearings that (1) Plaintiff's Motion to Remand will be denied, (2) Plaintiff's Motion to Amend will be denied with the clarification that the original Complaint now brings claims in Counts 1, 2 and 9 under both Title VII as well as under the New Mexico Human Rights Act ("NMHRA"), and (3) sanctions against Plaintiff's counsel are awarded under 28 U.S.C. § 1927.

**I.   Legal Standards**

    **A. Motion to Remand**

It is the obligation of the removing party to establish the subject matter jurisdiction of this federal court. *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999). It is "well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090 (10th Cir. 2005). Consequently, there is a presumption against removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

An action is removable from state to federal court when the federal court has "original jurisdiction" over the action because it is "founded on a claim or right arising" under federal law. 28 U.S.C. § 1444(b). In *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987), the United States Supreme Court set forth the general principles for determining whether a complaint states a claim arising under federal law:

> The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint . . . . The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Id*. at 392.

### B. Motion to Amend

Federal Rule of Civil Procedure 16(b)(4) provides that a court's scheduling order may only be modified for good cause with the judge's consent. Fed. R. Civ. P. 16(b)(4); *see also* D.N.M.LR-Civ. 16 ("Modification of deadlines in the Court's scheduling orders and trial notices, whether or not opposed, requires a showing of good cause and Court approval."). While the Tenth Circuit Court of Appeals has declined to "decide whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements," *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2005), courts in this district have required plaintiffs to first succeed in modifying the scheduling order under Rule 16(b)(4) before applying Rule 15(a)(2), *see, e.g., ACC Consultants, Inc. v. Logistics Health, Inc.*, Civ. 09-1145 JAP/RHS, 2011 WL 5212262, at *4 (D.N.M. Feb. 25, 2011); *Rowan v. New Mexico*, 210 F.R.D. 250, 252 (D.N.M. 2002). To prevail under Rule 16(b)(4), the moving party, "must provide an adequate explanation for the delay." *Minter*, 451 F.3d at 1205 n.4.

## II. Analysis

### A. Motion to Remand

In her Motion to Remand, Plaintiff maintains that her Complaint was "based on questions of state law, interpretations of state law and was filed pursuant to claims under state law after given the right to sue by a state agency." *Doc. 28* at 2. She submits that the "bare reference to a federal law" in her Complaint "lacks the required sufficiency to establish a federal question." *Doc. 29*

at 1.  Defendants, on the other hand, insist that Plaintiff's Complaint asserts a federal question. They note that the Complaint alleges that "[t]his is a civil action brought under numerous state and federal statues" and that it makes various references to Title VII in both the "Jurisdiction and Venue" section as well as the "Laws and Policies" section. *Doc. 33* at 3.

As explained at the March 3, 2015 hearing, the Court concludes that the Complaint asserts federal claims under Title VII and that the Court therefore has subject matter jurisdiction over Plaintiff's claims. Accordingly, the Court denies Plaintiff's Motion to Remand.

### B.  Motion to Amend

The Court noted at the March 3, 2015 hearing that it was not inclined to exercise jurisdiction over Plaintiff's state law claims if she did not intend to prosecute any federal claims. The Court directed Plaintiff to identify any federal claims that she intended to prosecute, if she could do so consistent with Rule 11, or consent to dismissal with prejudice of such federal claims.

Thereafter, on March 5, 2015, Plaintiff filed her Motion to Amend, indicating that the proposed amended complaint, which was attached as Exhibit A, was Plaintiff's indication of the federal claims that she wished to prosecute. *Doc. 42* at ¶ 3. Although Plaintiff's Motion to Amend was filed after the deadline provided in the Court's Scheduling Order for amending pleadings, Plaintiff contends that good cause exists for the amendment, where the Court instructed her to identify federal claims and where only a short time elapsed between the deadline and the filing of the motion. *Id.* at 2-3.

4

Defendants responded, explaining that while Defendants "do not necessarily oppose Plaintiff's desire to amend her Complaint to identify her federal claims, Plaintiff is not entitled to amend her Complaint in the manner that she has proposed." *Doc. 43* at 1. Defendants characterize the proposed amendments as extensive, asserting that they "do far more than identify her federal claims." *Id.* at 4. Defendants insist that the "jurisdictional quagmire created by Plaintiff's counsel should not be used as an excuse for an untimely "do-over" of factual allegations unrelated to jurisdiction." *Doc. 43* at 5. Defendants do not, however, identify any particular factual amendments or revisions that they consider improper.

Having compared Plaintiff's operative Complaint with her proposed amended complaint, the Court concludes that Defendants have overstated the extent of Plaintiff's revisions and amendments.  Nevertheless, after the considering the proposed amended complaint and the parties' briefing, the Court shared Defendants' concern and confusion as to whether Counts 1, 2, and 9 were brought under both Title VII and the NMHRA or only Title VII.  After all, Plaintiff's proposed amended complaint eliminates all references to the NMHRA, save one reference in paragraph 11. *Doc. 42*, Ex. A, at ¶ 11; *Doc. 43*, Ex. A. Paragraph 11 states that "[a]llegations against Defendants include violations of the New Mexico Human Rights Act." *Doc. 41*, Ex. A, at ¶ 11. However, when Defendants' counsel inquired in e-mail correspondence to Plaintiff's counsel whether Plaintiff now intended to bring her claims under Title VII rather than the NMHRA, Plaintiff's counsel responded "Yes, count 1, 2, and 9 are brought under

5

Title VII." *Doc. 43*, Ex. A. Plaintiff's counsel refused, however, to sign a stipulation drafted by Defendants indicating that it was Plaintiff's intention to replace her NMHRA claims with Title VII claims. *Doc. 43*, Ex. A. In the wake of such confusing, and perhaps misleading, correspondence from Plaintiff's counsel and the equally confusing proposed amended complaint, Defendants understandably sought clarification as to which claims Plaintiff's was bringing against them.

At the April 15, 2015 hearing on Plaintiff's Motion to Amend, Plaintiff's counsel, Renni Zifferblatt, unequivocally represented to the Court that Plaintiff had no intention of dismissing her NMHRA claims when she proposed amendments to her complaint. Ms. Zifferblatt insisted, instead, that Plaintiff intended to assert claims in Counts 1, 2, and 9 under both Title VII and the NMHRA.

In an effort to minimize Defendants' costs and attorneys' fees, while at the same time providing a clear statement of Plaintiff's claims, the Court denies Plaintiff's Motion to Amend but will read Plaintiff's original Complaint to assert Counts 1, 2, and 9 under both Title VII and the NMHRA.

### C. Sanctions

Defendants first broached the issue of sanctions against Plaintiff's counsel in their briefing on Plaintiff's Motion to Remand. The issue was raised again at the March 3, 2015 and April 15, 2015 hearings. Defendants insist that, under the circumstances, sanctions against Plaintiff's counsel are appropriate pursuant to 28 U.S.C. § 1927. At the March 3, 2015 hearing on the Motion to Remand, the

6

Court took the issue of sanctions under advisement, but it is now prepared to resolve this outstanding issue.

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions under § 1927 are appropriate when an attorney acts recklessly or with indifference to the law, is cavalier or bent on misleading the court, intentionally acts without a plausible basis, or when the entire course of the proceedings is unwarranted. *Steinert v. Winn Group, Inc.,* 440 F.3d 1214, 1221 (10th Cir. 2006). The Court also has authority under its own inherent power to deter frivolous and abusive litigation to promote justice and judicial efficiency by imposing monetary sanctions. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-67 (1980); *Braley v. Campbell*, 832 F.2d 1504, 1510 n.4 (10th Cir. 1987).

Using an objective standard, the Court finds that Plaintiff's counsel has unreasonably multiplied proceedings, both with respect to of the Motion to Remand and the Motion to Amend. First, Plaintiff's counsel maintained in the Motion to Remand, which was filed four months after removal of this case, that the Court lacked subject matter jurisdiction over Plaintiff's claims, which were asserted under state law. But Plaintiff's Complaint explicitly asserted that her civil action was "brought under numerous state and federal statutes," and she referenced Title VII in both the "Jurisdiction and Venue" section" as well as the

7

"Laws and Policies" section. As the master of her claims, Plaintiff and her counsel could have avoided federal jurisdiction by simply relying on and alleging violations of only state law. Instead, they expressly asserted violations of federal law. Simply put, no reasonable person could have believed that there existed a good faith basis to assert, as Plaintiff's counsel did, that Plaintiff's Complaint did not raise a federal question on its face. And Plaintiff's counsel further confused, if not misrepresented, Plaintiff's claims by suggesting in correspondence to Defendants' counsel that Title VII applied to Defendants because New Mexican Kennels had at least fifteen employees during the relevant time period. *See Doc. 33*, Ex. E & F.

With what objectively appears to be reckless indifference to the law, at minimum, Plaintiff's counsel pursued an entire course of the proceedings that was unwarranted. His contentions in Plaintiff's Motion to Remand and Reply brief as well as at the March 3, 2015 hearing were entirely unpersuasive. Even so, Defendants' counsel was obligated to respond to these arguments and to prepare for and appear at the hearing on Plaintiff's motion. Moreover, the Court was required to devote judicial resources to consideration of Plaintiff's untenable jurisdictional position.

Then, after the Court denied Plaintiff's Motion to Remand, Plaintiff's counsel did what appeared to be an about-face, removing from Plaintiff's complaint all but one reference to the NMHRA and asserting that "count 1, 2, and 9 [were] brought under Title VII." With the Court and Defendants more confused than ever, the Court set another motion hearing in an attempt to decipher which

claims Plaintiff was bringing under which statutes.  Defendants' counsel was, once again, obligated to respond to Plaintiff's Motion to Amend and to prepare for and appear at another hearing to address the statutory source for Plaintiff's claims.  And the Court was required to devote additional judicial resources to resolve the issue of whether Plaintiff's claims were brought under Title VII, the NMHRA, or both.

Under these circumstances, the Court finds that Plaintiff's counsel has unnecessarily and unreasonably multiplied proceedings, and that sanctions are warranted against him in the form of attorney's fees and costs associated with the drafting of both Defendants' Response to Plaintiff's Motion to Remand and Defendants' Response to Plaintiff's Motion to Amend as well as counsel's appearance at the March 3, 2015 and April 15, 2015 hearings. Accordingly, Defendants shall file an application for attorney's fees and costs associated with such briefing and court appearances, including supporting affidavits and documentation, within ten (10) days of entry of this Memorandum Opinion. Plaintiff's objections, if any, to the reasonableness of Defendants' requests must be filed within fourteen (14) days thereafter.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (*Doc. 28*) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (*Doc. 42*) is **denied** but that Plaintiff's Complaint will be read to assert claims, in Counts 1, 2, and 9, under both Title VII and the NMHRA.

9

**IT IS FURTHER ORDERED** that sanctions will be awarded against Plaintiff's counsel as described herein and that the amount of sanctions will be determined by the Court following submission of the required documentation by Defendants and after consideration of any timely-filed objections by Plaintiff.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE