## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

HOLLY SALZMAN,

     Plaintiff,

v.                                     CIV 14-0877 KBM/KK

NEW MEXICAN KENNELS, INC.,
A New Mexico corporation,
JUXI BURR, ANDREW BURR,
STEPHEN BURR, and ERIK BURR,

     Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Defendants' Motion for
Judgment on the Pleadings Dismissing Defendant Stephen Burr (*Doc. 8*), filed
October 14, 2014, and Defendants' Motion for Rule 11 Sanctions (*Doc. 14*), filed
November 7, 2014. Pursuant to 28 U.S.C. § 636(c), the parties have consented
to me serving as the presiding judge and entering final judgment. *Docs. 7, 11, 12*.
The Court, having considered the pleadings and briefs of counsel and otherwise
being fully advised, finds that Defendants' Motion for Judgment on the Pleadings
is well-taken and will be granted and that Defendants' Motion for Rule 11
Sanctions is not well-taken and will be denied, but that paragraphs 37-39 will be
stricken from Plaintiff's Complaint pursuant to Rule 12(f).

## I.    BACKGROUND

On August 26, 2014, Plaintiff filed her Complaint against New Mexican
Kennels, Inc. ("New Mexican Kennels") and individual defendants Juxi Burr,

Andrew Burr, Stephen Burr, and Erik Burr. *Doc. 1*, Ex. A. Plaintiff alleges, among other things, violations of Title VII[1] and the New Mexico Human Rights Act ("NMHRA"), arising from her employment with New Mexican Kennels between April 2013 and May 2014.  *See id.* Factually, Plaintiff contends that she was subjected to ongoing sexual harassment, particularly by Defendant Erik Burr, and that Defendants Juxi Burr and Andrew Burr took no action to remedy the situation and in fact retaliated against her for filing sexual harassment and sexual discrimination complaints.  *See id.* She alleges that, ultimately, she was unlawfully terminated from New Mexican Kennels. *See id.*

## II.    LEGAL STANDARD

### A.    Motion for Judgment on the Pleadings

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedures 12(c) is considered under the same standard of review applicable to a motion made under Federal Rule of Civil Procedure 12(b)(6). *Morris v. City of Colo. Springs*, 666 F.3d 654, 660 (10th Cir. 2012).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plausibility standard adopted in

---

[1] As explained in this Court's April 16, 2015 Memorandum Opinion and Order, the Court has chosen to construe Counts 1, 2, and 9 of Plaintiff's Complaint to assert claims under Title VII as well as the NMHRA. *Doc. 62* at 6.

*Twombly* and further explained in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), requires plaintiffs to "offer specific factual allegations to support each claim." *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "The complaint must offer sufficient factual allegations 'to raise a right to relief above the speculative level.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). Although the Court must assume the truth of the properly alleged, or "well-pleaded," facts in the Complaint, the Court has no obligation to accept conclusory allegations as true. *See Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

**B.   Rule 11 Sanctions**

An attorney's signature on the complaint or other pleading constitutes a certificate that "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" the allegations are not made for any improper purpose, the claims and legal contentions are warranted by existing law or a good faith argument for extending existing law, and the factual contentions have evidentiary support or will likely have such support after discovery. Fed. R. Civ. P. 11. Rule 11(c) permits a court to impose sanctions on a party who has presented a pleading, motion or other paper to the court without evidentiary support or for "any improper purpose" such as to harass, cause

unnecessary delay, or needlessly increase the cost of litigation. *Id.* Rule 11

sanctions serve several purposes, including deterring future litigation abuse,

punishing the present litigation abuse, compensating victims of litigation abuse,

and streamlining court dockets and facilitating case management. *White v.*

*General Motors Corp., Inc.*, 908 F.2d 675, 683 (10th Cir. 1993). An attorney's

actions must be objectively reasonable in order to avoid Rule 11 sanctions.

*Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988). A good faith belief in the

merit of an argument is not sufficient; the attorney's belief must also be in accord

with what a reasonable, competent attorney would believe under the

circumstances. *White*, 908 F.2d at 680. Ultimately, whether to impose sanctions

under Rule 11 is committed to the discretion of the court. *See* Fed. R. Civ. P.

11(c) ("If . . . the court determines that Rule 11(b) has been violated, the court

*may* impose an appropriate sanction) (emphasis added).

### III.    ANALYSIS

#### A.    Motion for Judgment on the Pleadings

Defendants contend that Plaintiff's claim(s) against Defendant Stephen

Burr are legally deficient under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell*

*Atlantic v. Twombly*, 550 U.S. 544 (2007). *Doc. 9* at 2. In fact, they maintain that

Plaintiff's Complaint does not, on its face, allege a single cognizable claim

against Defendant Stephen Burr. *Id.* at 4. Accordingly, they seek dismissal of any

claims against him.

In her 29-page Complaint *(Doc.1-1)*, Plaintiff makes only limited factual

allegations related to Defendant Stephen Burr, which are construed in the light

most favorable to Plaintiff for purposes of Defendants' Motion for Judgment on the Pleadings. First, Plaintiff alleges that Defendant Stephen Burr "acted in concert with his mother." *Doc. 1-1* at 1. She also alleges that upon her return to work on May 12, 2014, she was summoned by Defendant Juxi Burr, and Defendant Stephen Burr "was standing by his mother's side." *Id*. at ¶ 80. According to Plaintiff, Defendant Juxi Burr advised Plaintiff that she was terminating her position effective immediately and instructed her to pack her personal property from her office. *Id*. Then, Plaintiff alleges, as she "left Defendant [Juxi] Burr and got in her car to leave [New Mexico Kennel's] property, Defendant [Stephen] Burr remained at her side as a show of force and menacing Ms. Salzman and not helping her carry numerous boxes of property." *Id*.

Defendants speculate from Plaintiff's allegations that she may be attempting to assert a claim for civil conspiracy against Defendant Stephen Burr, but nevertheless they insists that the Complaint fails to identify with particularity any facts to support such a claim. *Doc. 9* at 4. Although Plaintiff's Complaint does not explicitly state that there was a civil conspiracy between Defendant Stephen Burr and another defendant, Plaintiff maintains in her response brief that civil conspiracy is the foundation for Defendant Stephen Burr's joint and several liability to Plaintiff. *See Doc. 13* at 7-8. She also explains that the alleged civil conspiracy was related to her unlawful termination in retaliation for the filing of complaints against Defendants. *Id.* at 9.

To state a cause of action for conspiracy under New Mexico law, a complaint must allege "(1) the existence of the conspiracy; (2) the wrongful act or

acts done pursuant to the conspiracy; and (3) the damage resulting from such act or acts." *Las Luminarias of the New Mexico Council of the Blind v. Isengard*, 587 P.2d 444 (N.M. Ct. App. 1978). "The existence of the conspiracy may be pled by either direct allegations or by allegations of circumstances from which a conclusion of the existence of a conspiracy may be reasonably inferred." *Id.* at 447. A civil conspiracy is not a separate, cognizable offense, and it does not "provide an independent basis for liability unless a civil action in damages would lie against one of the conspirators." *Seeds v. Lucero*, 113 P.3d 859, 864 (N.M. Ct. App. 2009). The purpose of a civil conspiracy claim is to "impute liability to make members of the conspiracy jointly and severally liable for the torts of any of its members." *Id.* at 862.

Defendants insist that "Plaintiff's allegations against [Defendant Stephen] Burr are so bereft of factual content, the Court cannot draw any inferences as to the existence of a conspiracy, let alone a reasonable one." *Doc. 9* at 5. In Defendants' view, Plaintiff does not allege any agreement between Defendant Stephen Burr and Defendant Juxi Burr; nor does she assert factual allegations that would allow the Court to speculate that the two met and arranged to carry out wrongful acts.  *Id.*  Defendants contend that Plaintiff's facts, taken as true, show that Defendant Stephen Burr merely "witnessed Plaintiff's termination – nothing more." *Id.* at 5-6.

Plaintiff argues that Defendants' motion fails for two reasons.  First, she suggests that Defendants' denials of many of Plaintiff's allegations in their Answer "obviates the claim that there are no genuine issues of material fact as

needed in a Fed. R. Civ. P. 12(c) motion." *Doc. 13* at 5. This argument is somewhat confusing, as Defendants' Motion for Judgment on the Pleadings tests the legal sufficiency of Plaintiff's Complaint, accepting as true all well-pled allegations.  The Court rejects Plaintiff's argument that genuine issues of material fact somehow prevent judgment on the pleadings.

Next, Plaintiff argues that sufficient factual allegations exist in the Complaint to support the plausibility of claims, satisfying *Iqbal* and *Twombly*. *Id.* at 5-6. Plaintiff contends, though only in her briefing and not in her Complaint, that Defendant Stephen Burr "willfully participated in terminating [her] in retaliation [for her] complaints against his family members." *Id.* at 8-9. She reasons that because Defendant Stephen Burr was present when Defendant Juxi Burr terminated her, it "obviates any doubt" as to whether there was a "prearranged discussion about what was going to happen to [Plaintiff] upon her arrival to work and what his and his mother's roles were going to be as they related to [Plaintiff]." *Id.* at 9.

"Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Burnett*, 706 F.3d at 1236. This "contextual approach" means that the Court must compare the pleadings with the elements of the cause of action. *Id.* (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012)). Comparing the allegations in Plaintiff's Complaint with the elements of civil conspiracy, the Court finds that Plaintiff fails to state a claim to relief that is plausible on its face.

Even viewing the factual allegations of the Complaint in the light most favorable to Plaintiff, she does not allege, either explicitly or by inference, that Defendant Juxi Burr and Defendant Stephen Burr entered into an agreement to unlawfully terminate her. While Plaintiff insists that Defendant Stephen Burr's presence next to his mother at the time of her termination permits a reasonable inference that a conspiracy existed, the Court is not persuaded.  Plaintiff's position would have perhaps been more convincing had Defendant Stephen Burr been an officer or employee of Defendant New Mexican Kennels. But Plaintiff's Complaint does not allege that he possessed any duties or responsibilities for New Mexican Kennels, much less decision-making authority or responsibilities for firing kennel employees. Indeed, the Complaint alleges that Defendant Stephen Burr was *not* an employee of New Mexican Kennels but merely the son of Defendant Juxi Burr and the brother of Defendants Andrew and Erik Burr. *Doc. 1-1* at ¶ 3, 6, 32. Without any allegation or inference that Defendant Stephen Burr and his mother agreed to effect an unlawful termination of Plaintiff, Defendant Stephen Burr can only be characterized as a witness to Plaintiff's termination, not a civil co-conspirator to unlawfully terminate her.

Not only does Plaintiff fail to make sufficient factual allegations to state a plausible claim for civil conspiracy against Defendant Stephen Burr, her Complaint also fails to provide a "short and plain statement" of any legal causes of action showing entitlement to relief from him. *See* Fed. R. Civ. P. 8(a)(2). Although Plaintiff argues in her *briefing* that Defendant Stephen Burr entered into a conspiracy to wrongfully terminate her, the Complaint omits any such

allegation.  Indeed, Plaintiff's "Unlawful Retaliation and Unlawful Discharge" claim alleges that the actions and omissions of Defendants New Mexican Kennels, Juxi Burr, and Andrew Burr caused her damages. *Doc. 1-1* at ¶ ¶ 159, 160, 161. Noticeably absent from this claim is any mention of Defendant Stephen Burr or assertion of his liability. *See id.* at 26-27. Nor does Plaintiff allege elsewhere in her Complaint that Defendant Stephen Burr is jointly and severally liable for civil conspiracy to unlawfully terminate her or to commit any other tort. *See generally Doc. 1-1.* In sum, Plaintiff's Complaint includes a few factual allegations relating to Defendant Stephen Burr but fails to provide fair notice of any legal claims asserted against him or the grounds upon which they might rest. Thus, accepting Plaintiff's allegations as true, Plaintiff fails to state a claim against Defendant Stephen Burr.

Plaintiff argues that she should be permitted to engage in discovery, specifically a deposition, before claims against Defendant Stephen Burr are dismissed. *Doc. 13* at 10. In support, Plaintiff's counsel attaches a Rule 56(d) affidavit, asserting that Plaintiff "will need discovery to ascertain Defendant Burr's role in [Plaintiff's] employment in the Burr family business." *Doc. 13*, Ex. A, at ¶ 5. Plaintiff contends that the inquiry before the Court "turns on a factual determination as to whether [Defendant Stephen Burr] was part of a civil conspiracy against [Plaintiff]." *Doc. 13* at 10.

To the contrary, the inquiry before the Court – whether Plaintiff can state a claim for relief against Defendant Stephen Burr – is not a factual determination, but a legal one. Put another way, Defendants' Motion for Judgment on the

Pleadings is resolved based upon the four corners of the Complaint, without consideration of evidence outside of the pleadings. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment). A plaintiff who fails to state a legally sufficient claim against a defendant on the face of her complaint is not entitled to discovery on her purported claim. *See Iqbal*, 556 U.S. at 678-79 (a plaintiff "armed with nothing more than conclusions," does not by her complaint "unlock the doors of discovery"). And, notably, because Defendants' motion is not brought pursuant to Rule 56 as a motion for summary judgment, Rule 56(d) is unavailable to Plaintiff. As such, the Court denies Plaintiff's request for discovery and dismisses with prejudice her claims against Defendant Stephen Burr for failure to state a claim.

**B.    Motion for Rule 11 Sanctions**

Defendants ask the Court to grant Rule 11 Sanctions against Plaintiff and her attorney, Thomas Grover, and to award them reasonable attorneys' fees, costs, and expenses in defending improper allegations and striking paragraphs 37-39 from Plaintiff's Complaint. *Doc. 15* at 10. In support of this request, Defendants contend that Plaintiff's claims against Defendant Stephen Burr are without factual support, that Plaintiff's Complaint is rife with "unsubstantiated factual allegations," and that Plaintiff is manipulating the legal system in order to harass and embarrass Defendants. *See Doc. 15.*

Plaintiff responds, first, that Federal Rule of Civil Procedure 11 does not apply to Plaintiff's Complaint, as it was filed in state court and then removed to

federal court. *Doc. 18* at 11-12. Citing *Griffen v. City of Oklahoma*, 3 F.3d 336 (10th Cir. 1993), Plaintiff maintains that a "pleading signed in a state court proceeding cannot be signed in violation of Rule 11." *Doc. 18* at 12. As noted by Defendants, however, in *Griffen*, the Tenth Circuit considered a pre-1993 version of Rule 11, which only authorized sanctions for the signing of a document. *Griffen*, 3 F.3d at 338-39. Under the current version of Rule 11, in contrast, an attorney certifies compliance with Rule 11 by presenting "a pleading, written motion, or other paper --whether by signing, filing, submitting, or *later advocating it*." Fed. R. Civ. P. 11(b) (emphasis added). The advisory committee note to the 1993 amendments explains that "if after a notice of removal is filed, a party urges in federal court the allegations of a pleading filed in state court . . . , it would be viewed as 'presenting' – and hence certifying to the district court under Rule 11 – those allegations." Fed. R. Civ. P. 11(b) & (c), advisory committee note to 1993 amendment. Having advocated the merits of the subject claims, particularly in their briefing on the Motion for Judgment on the Pleadings and Motion for Rule 11 Sanctions, Plaintiff and her counsel have brought themselves within the reach of Federal Rule of Civil Procedure 11.

### i.   Claims Against Defendant Stephen Burr

As to the claims against Defendant Stephen Burr, the Court has already determined herein that Plaintiff fails to state a claim.  Defendants suggest that such claims not only violate Rule 8 but also Rule 11. *Doc. 15* at 4. The Court is not entirely unconvinced, however, that the claims and factual contentions against Defendant Stephen Burr, even under an objective standard, lack *any*

evidentiary support or that no good faith argument could be made that Defendant Stephen Burr shared some liability as a joint tortfeasor or civil coconspirator for Plaintiff's damages either under existing law or an extension thereof. After all, Plaintiff's Complaint was not entirely bereft of factual contentions relating to Defendant Stephen Burr; Plaintiff alleged that he stood at Defendant Juxi Burr's side when she advised Plaintiff that she was being terminated and that he remained at Plaintiff's side "as a show of force menacing [her]." *Doc. 1-1* at ¶ 80. And Defendants admit that Defendant Stephen Burr was present at the time of Plaintiff's termination to witness the removal of her personal belongings. *Doc. 6* at ¶ 80.

It is apparent, not only from this Court's consideration of Defendants' Motion for Judgment on the Pleadings, but also from its previous consideration of Plaintiff's Motion to Remand and Motion to Amend, that the Complaint was inartfully drafted in a number of respects due in part to the inexperience of Plaintiff's counsel. *See Doc. 62*. But the failure to draft an artful pleading or to state a claim does not, of itself, establish a violation of Rule 11. *See Simpson v. Welch*, 900 F.2d 33, 36 (4th Cir. 1990); *Tabrizi v. Village of Glen Ellyn*, 883 F.2d 587, 592 (7th Cir. 1989).

Although it is a close call, the Court concludes that sanctioning Plaintiff or her counsel under Rule 11 for claims asserted against Defendant Stephen Burr would go too far. In short, Plaintiff's claims against Defendant Stephen Burr, though they do not state a claim, were not sufficiently frivolous or careless to warrant Rule 11 sanctions.

### ii.   Paragraphs 37-39 of Plaintiff's Complaint

Defendants maintain that Plaintiff's Complaint "is rife with unsubstantiated factual allegations," which they suggest should be stricken under Rule 11 and fees and costs awarded. *Doc. 15* at 6. More particularly, Defendants argue that paragraphs 37-39 "are wholly unverified . . . . and wholly irrelevant to this action." *Id.*  These paragraphs allege that Defendant New Mexico Kennels "routinely underpaid employees in violation of City of Albuquerque minimum wage ordinances," "routinely use[d] the corporation as an alter-ego to purchase products, such as cat litter, for personal use," and "routinely inflate[d] expenses as products [were] bought and paid for between [New Mexican Kennels] and Defendant [Andrew] Burr's company, Village Mercantile." *Doc. 1*, Ex. A, at ¶ 37-39. Defendants insist that "[i]t is clear that Plaintiff's counsel conducted no investigation of these facts and made no attempt to substantiate his client's allegations prior to filing the Complaint." *Doc. 15* at 7.

Plaintiff, on the other hand, maintains that the allegations in paragraphs 37-39 have evidentiary support and that additional evidentiary support will be available after discovery is underway. *Doc. 18* at 9. Plaintiff submits her own affidavit in support, noting that, as kennel manager, she was tasked with monitoring documents and reports that identified material relevant to paragraphs 37-39. *Doc. 18* at 9-10. Additionally, she attaches a pay stub as Exhibit 7, which she contends is from "the kennel employee who first alerted [her] to the fact that kennel employees were being paid below the City of Albuquerque Minimum Wage Ordinance." *Doc. 18* at 10 & Ex. 7.

As to the relevance of the allegations in paragraphs 37-39, Plaintiff insists that they are "material to Plaintiff's underpayment of earnings, breach of contract, and sources of motive for the Defendants' actions against [Plaintiff]." *Id.* at 10. In her affidavit, she explains that she brought the facts and practices alleged in paragraphs 37-39 to the attention of Defendant Juxi Burr and that, because she "protested" these issues, they became additional motives for her retaliatory termination. *Doc. 18*, Ex. 6, at ¶ 7-9.

While Plaintiff may well have evidentiary support for the allegations contained in paragraphs 37-39, her Complaint fails to adequately link these allegations to any of her legal claims. Plaintiff's "unlawful retaliation and unlawful discharge" claim, for instance, is premised upon adverse employment actions taken against her in response to her filing of a complaint with Workforce Solutions, which was premised, in turn, upon the purportedly harassing behavior of Defendant Erik Burr and the failure of the other defendants to prevent such behavior. *See Doc. 1*, Ex. A, at ¶ 150-161. Plaintiff's Complaint does not allege that she was retaliated against for advising anyone at New Mexican Kennels about facts contained in paragraphs 37-39.

Likewise, Plaintiff's Complaint makes no allegation that Defendants breached or tortiously interfered with her employment contract by engaging in any of the practices contained in paragraphs 37-39 or because she alerted any defendant of such practices. *See Doc. 1*, Ex. A, at ¶ 140-149. Instead, her "tortious interference and breach of contract" claim, alleges that Defendants breached her employment contract by:

> fail[ing] to follow procedures in [the] Employee Handbook
> concerning complaint and grievance procedures for Defendant
> [Erik] Burr's misconduct, micromanaging Ms. Salzman, disallowing
> her from performing her duties as general manager, unilaterally
> modifying her pay schedule, and [Plaintiff] being summarily
> dismissed without notice or cause by Defendant [Juxi] Burr.

*Doc. 1*, Ex. A, at ¶ 144. Furthermore, Plaintiff cannot amend her Complaint by affidavit or argument of counsel, and the Court cannot reasonably infer that the allegations in paragraphs 37-39 relate to or provide factual support for any of her causes of action against Defendants.

Ultimately, the Court declines to award sanctions under Rule 11, as Defendants have not established that the factual assertions in paragraphs 37-39 were unsubstantiated. As such, Defendants' Motion for Rule 11 Sanctions is denied. Yet, because the allegations are not sufficiently connected to Plaintiff's causes of actions against Defendants, the Court will strike them as immaterial and impertinent under Rule 12(f).

**IT IS THEREFORE ORDERED** that Motion for Judgment on the Pleadings (*Doc. 8*) is granted, and Plaintiff's claims against Defendant Stephen Burr are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions (*Doc. 14*) is **denied** but paragraphs 37-39 of Plaintiff's Complaint are stricken as immaterial and impertinent under Rule 12(f).

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent